IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SIBYL WALKER JOHNSON,**                                                     **PETITIONER**

**V.**                                **NO. 4:06CV32-D-B**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL,**      **RESPONDENTS**

**O P I N I O N**

This cause comes before the court on the petition of Sibyl Walker Johnson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that she was convicted, in accordance with her plea of guilty, in march 2005, in the Circuit Court of Sunflower County, Mississippi, of two counts of uttering forgery. She further states that she was sentenced to serve five years incarceration.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust available state remedies. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner*, 404 U.S. 270 (1971); *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle*, 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner, who states that she has neither appealed her conviction nor submitted any other action to the state court system, has an available state remedy under the Mississippi Uniform Post Conviction Collateral Relief Act, § 99-39-5(g), Miss. Code Ann. (1972), and Mississippi Habeas

Corpus Statutes § 11-43-1, *et seq*.  If she is denied relief, she has the further right to appeal to the Mississippi Supreme Court. § 99-39-25(1) or § 11-43-53 Miss. Code Ann (1972).  Clearly, she has not exhausted her state remedies and therefore cannot proceed in this court.

    A final judgment in accordance with this opinion will be entered.

    THIS the 21st day of March, 2006.

                                          Glen H. Davidson
                                          CHIEF  JUDGE